# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANGEL CONCEPCION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-662-GPM |
| | ) | |
| ROGER D. MULCH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Jerome Combs Detention Center (JCDC), brings this action for violations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events occurring while he was confined at the Jefferson County, Illinois, Justice Center (JCJC). In this action, Plaintiff seeks damages for an allegedly unsafe condition of confinement in violation of his Eighth Amendment rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### THE COMPLAINT

Liberally construing the complaint, Plaintiff slipped on a puddle of water, fell, and was injured while confined at JCJC. Plaintiff states that the puddle formed under a leaky skylight. Plaintiff asserts that the Defendants were aware of the problem, but failed to correct the matter because it had "turned into a legal matter between contractors." Plaintiff claims that he was injured by this allegedly unconstitutional condition in violation of the Eighth Amendment.

### DISCUSSION

To prevail on his conditions of confinement claim, Plaintiff must show that the Defendants were aware of a "substantial risk of serious injury," but still failed to take appropriate steps to protect him. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Mere negligence or even gross negligence is not sufficient for liability under § 1983; the Defendants' actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Although wet floors do present a possibility that inmates might slip, Plaintiff's complaint does not suggest a *substantial risk* of serious physical harm that reflects the deliberate indifference required to impose liability on the Defendants under the Eighth Amendment. *Bell v. Ward*, No. 03-2033, 2004 WL 260284 (7th Cir. Feb. 6, 2004) (accumulation of water on prison floor did not present a risk of serious injury); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in shower not an "excessive risk to inmate health or safety").

At best, Plaintiff has alleged that the Defendants were negligent, but negligence alone is not sufficient to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer*, 511 U.S. at 837.

### DISPOSITON

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g). Because the Court is dismissing Plaintiff's complaint with prejudice, Plaintiff's motion to appoint counsel (Doc. 4) is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: 10/20/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge